IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAY STENZEL,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and DOES 1 through 5,<br><br>Defendants. | CV-17-27-GF-JTJ<br><br>**ORDER** |

## I. Background

Mr. Stenzel originally filed this action in Montana's Eight Judicial District, Cascade County, and, as Montana law requires, served Montana's Commissioner of Securities and Insurance (Commissioner) with a copy of the summons and complaint on January 23, 2017. (Doc. 20-1) The Commissioner sent a copy of the summons and complaint to Metropolitan Life Insurance Company's (Met Life) designated agent for service of process, CT Corporations Systems (CT Corp.), on January 25, 2017, via certified mail to the address Met Life provided to the Commissioner. (*Id.*) The summons and complaint were returned as undeliverable. (*Id.*) On or about February 24, 2017, the Commissioner sent the summons and complaint to CT Corp. at an address in Missoula, Montana. (*Id.*) CT Corp. received the summons and complaint on February 27, 2017. (Doc. 22 at 2)

Met Life did not file an appearance in the state court action within 30 days of Mr. Stenzel serving the Commissioner. Therefore, on March 1, 2017, Mr. Stenzel requested the Cascade County Clerk of Court to enter default against Met

Life. (Doc. 4-3 at 1) In response to this request, the Clerk of Court entered Met Life's default on March 1, 2017. (*Id.*)

Met Life removed the case to the Great Falls Division of the District of Montana on March 22, 2017. (Doc. 1) Met Life then filed a Motion to Set Aside Default arguing the Court should set aside default because Met Life has a meritorious defense and its delay in responding to Mr. Stenzel's complaint did not cause him any prejudice. (Doc. 13) Mr. Stenzel filed a Motion to Remand arguing Met Life's Notice of Removal was untimely. (Doc. 19.) The parties fully briefed the motions, and the Court conducted a hearing on the motions on June 6, 2017.

## II. Standards

### A. Service and Removal

Under Montana law, the Commissioner receives service of legal process on behalf of insurers conducting business in Montana. Mont. Code Ann. § 33–1–601(1). The Commissioner then forwards a copy of the summons and complaint to a person or entity the insurer designates to act as its agent for service of process. Mont. Code Ann. § 33–1–603(1). When the Commissioner forwards the summons and complaint to the insurer's agent, service is complete. Mont. Code Ann. § 33–1–603(3). A defendant insurer then has thirty days to respond. *Id*.

28 U.S.C § 1446 governs the time for removal and provides that a notice of removal "shall be filed within 30 days after receipt by the defendant, through service of process or otherwise, a copy of the initial pleading." While the Ninth Circuit has not determined whether service on a statutory agent, like the Commissioner, starts the time running on the 30 day removal period, district courts have held that the removal period does not begin to run until the defendant or its designated agent actually receives the summons and complaint. *Pilot Trading Co. v. Hartford Ins. Group*, 946 F. Supp. 834, 836 (D. Nev. 1996).

## B. Default

Rule 55 of the Federal Rules of Civil Procedure states that if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Service of process on an insurer is complete when the Commissioner forwards a copy of the summons and complaint to the insurer. Montana Code Ann. § 33–1–603(3). The insurer then has thirty days to appear in the action. *Id.*

The law disfavors default, and whenever possible, a case should be decided on the merits. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Thus, a court may set aside an entry of default for good cause. Fed R. Civ. P. 55(c). When determining whether good cause exist to set aside default, a court must look to three factors: (1) whether the defendant engaged in culpable conduct that led to default; (2) whether the defendant has a meritorious defense to the claims; and (3) whether setting aside default would prejudice the plaintiff. *Falk,* 739 F.2d at 463. When a state clerk of court enters default and the case is then properly removed to federal court, the federal court has jurisdiction to set aside the default. *Edna H. Pagel, Inc. v. Teamsters Loc. Union 595*, 667 F.2d 1275, 1278 (9th Cir. 1982).

## *III. Analysis*

Met Life argues that (1) its Notice of Removal was timely because it filed the notice within thirty days of its designated agent actually receiving the summons and complaint (Doc. 22 at 2) and (2) the Court should set aside default because its conduct was not culpable, it has a meritorious defense to the claims, and its delay in responding to service did not cause Mr. Stenzel any prejudice. (Doc. 20 at 7–14.) Mr. Stenzel argues that (1) Met Life's Notice of Removal was not timely because it was filed more than thirty days after the Commissioner first mailed a

copy of the summons and complaint to Met Life's designated agent for service (Doc. 20 at 7), and (2) the Court should not set aside default because Met Life's conduct was culpable in not providing the Commissioner with a correct address for CT Corp. (Doc. 23 at 8) The Court determines that (1) Met Life's Notice of Removal was timely, and (2) Met Life has shown good cause to set aside default.

### A. Met Life's Notice of Removal was timely.

Mr. Stenzel argues the thirty-day time period in this case began when the Commissioner first mailed a copy of the summons and complaint to CT Corp. on January 25, 2017. (Doc. 20 at 6) However, CT Corp. did not receive a copy of the summons and complaint until February 27, 2017. (Doc. 22 at 2) Thus, the Court determines that Met Life's Notice of Removal was timely because it was filed within 30 days of CT Corp. receiving the summons and complaint. Mr. Stenzel's Motion to Remand is therefore denied.

### B. Good cause exists to set aside Met Life's default.

The parties agree that if Met Life's removal is proper, the Court is authorized to set aside Met Life's default.

Met Life argues that (1) the default was entered prematurely because it responded within thirty days of receiving the summons and complaint and (2) there is good cause to set aside default in this case because its conduct was not culpable in causing the default, it has a meritorious defense to he claims, and its delay in responding did not cause Mr. Stenzel any prejudice. (Doc. 14 at 5–14.) The Court disagrees that Met Life's response was timely and its conduct was not culpable. Yet, because Met Life has a meritorious defense to the claims and Mr. Stenzel did not suffer any prejudice due to Met Life's delay, the Court determines that there is good cause to set aside default in this case and grants Met Life's Motion to Set Aside Default.

The entry of default was not premature. Met Life failed to respond within the required time period because the thirty-day time period to file a responsive pleading started when the Commissioner first sent a copy of the summons and complaint to CT Corp. The fact that Met Life did not inform the Commissioner that CT. Corp.'s correct address and that CT Corp. did not actually receive the summons and complaint until February 27, 2017, does not toll the time for Met Life making an appearance. The Court therefore determines that the default was not entered prematurely.

Good cause exists to set aside default in this case because although Met's Life conduct was culpable in causing the default, it has a meritorious defense to the claims against it and Mr. Stenzel has not suffered any prejudice due as a result of Met Life failing to appear in a timely manner.

### i.  Culpable conduct

The first factor a court considers when determining whether good cause exist to set aside a default is the conduct of the defendant. Here, the Court determines that Met Life engaged in culpable conduct by failing to provide the Commissioner with the correct address for CT Corp. In its briefing, Met Life stated that it was not responsible for the Commissioner having the wrong address for CT Corp. (Doc 14 at 9) Yet, at oral argument, Met Life admitted it did not know why the Commissioner had the wrong address for CT Corp.

What is known is that Met Life provided the Commissioner with the Billings, Montana address for CT Corp. to which the Commissioner originally sent the summons and complain and they were returned as undeliverable. Met Life cannot say why it failed to provide the Commissioner with CT Corp.'s proper address. Therefore, the Court concludes that Met Life's conduct was culpable in failing to provide the proper address and that this caused Met Life's default.

### ii.     Meritorious defense

The second factor that a court considers is whether the defendant has a meritorious defense to the plaintiff's claims. To show a meritorious defense, a defendant must allege facts constituting a defense to the claims against it. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). This is a light burden, and a court does need to determine whether the facts constituting the defense are true. *Id*.

Met Life alleges that the benefits at issue in this case are governed by ERISA. (Doc. 14 at 12) ERISA preempts state law claims and provides the exclusive remedies for resolution of benefit claims by employee participants and beneficiaries. 29 U.S.C. § 1114(a); 29 U.S.C. § 1132(a)(1)(B); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). If an ERISA plan's documents properly grant the plan administrator discretion in determining coverage, the administrator is entitled to deference and a court may only overturn the administrator's decision if it is arbitrary and capricious. *Firestone Tire and Rubber Company v. Bruch*, 489 U.S. 101 (1989). Met Life alleges that the plan documents at issue here include a grant of discretion. (Doc. 1-3 at 64) Met Life further alleges that it acted reasonably with respect to the consideration and the determination of Stenzel's claim for benefits. (Doc. 14 at 13.) Taking these allegations as true, the Court determines they constitute a meritorious defense to Mr. Stenzel's claims against Met Life.

### iii.     Prejudice

The third factor a court considers is whether the plaintiff suffered prejudice due to the defendant's failure to respond in a timely manner. A defendant's failure to appear in a timely manner prejudices a plaintiff if the delay hinders the plaintiff's ability to litigate its claim. Mr. Stengel failed to make any showing of

how Met Life's delay hindered his ability to pursue his claim. Thus, the Court determines Mr. Stenzel did not suffer any prejudice as a result of Met Life's delay.

## IV. CONCLUSION

For the reasons stated above, the Court HEREBY ORDERS:

1. Mr. Stenzel's Motion for Remand is **DENIED**.
2. Met Life' Motion to Set Aside Default is **GRANTED**.

Dated this 17th day of July 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge